

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 24, 1974

The Honorable William H. Skelton
Board of Pardons and Paroles
Division of Parole Supervision
711 Stephen F. Austin Bldg.
Austin, Texas 78701

Opinion No. H- 409

Re: Status of Director of
Division of Parole
Supervision, Board of
Pardons and Paroles,
and interrelationship
between Director and
Board

Dear Dr. Skelton:

In your letter of March 7, 1974, you ask the following specific questions involving the captioned matter:

> Under the provisions of Article 42.12 (781d)
> C.C.P., is the Director of the Division
> of Parole Supervision the Executive Head
> of this agency?
>
> If not specifically designated by statute, can
> the Board of Pardons and Paroles designate
> this position as the Executive Head of this
> agency for all purposes?
>
> If the Director of the Division of Parole Super-
> vision is, or can be designated as, the Executive
> Head of this agency, what legal obligation is
> placed on the Director?
>
> Is the Director required to file an official
> financial statement required pursuant to
> Article 6252-9B, D.A.C.S.?
>
> Does the Board of Pardons and Paroles have any
> legal obligation for actions taken by the Director
> of Parole Supervision as the Executive Head of
> the agency? For instance, what is the liability
> of the Board if a suit is filed through the Equal
> Employment Opportunity Commission for action
> taken by the Director?

p. 1906

In your inquiries you refer repeatedly to "this agency", presumably meaning the Division of Parole Supervision of the Board of Pardons and Paroles. In our opinion the threshold question is whether this division is properly characterized as an "agency" as that term is generally employed and understood in various statutory schemes, particularly Article 6252-9b, V. T. C. S. Although the matter is not free from doubt, it is our conclusion that this "Division" is merely a sub-division of the Board of Pardons and Paroles and is not itself an "agency".

It is difficult to define "agency" in the abstract - experts cannot even agree how many federal "agencies" exist, for example. See Davis, Administrative Law Treatise, Sec. 1.02. Clearly, the designation employed, be it commission, bureau, department, etc., will not always be of controlling legal significance. The issue must be resolved with a common sense approach, considering each particular entity involved on an individual basis.

A generally accepted definition from Davis, supra, Sec. 1.01, is: "An administrative agency is a governmental authority, other than a legislative body, which affects the rights of private parties through either adjudication or rule making." See also Sec. 1(1) of Uniform Law Commissioners' Model State Administrative Procedure Act (1970). Even if not engaged in formal rule making or adjudication an "agency" should at the very least be relatively autonomous within its sphere of delegated authority, with a governing body possessing policy making functions and powers. For example, the twenty-seven "major state agencies" enumerated in Sec. 2 of Article 6252-9b all have a policy making body at the head. Significantly, the various sub-divisions or "departments" of these agencies are not listed.

The Division of Parole Supervision is created by the provisions of Article 42.12, Secs. 26 - 32, V. T. C. C. P. An examination of the pertinent provisions of this Article, quoted below, establishes that this Division does not meet any of the above criteria for an administrative agency.

> Sec. 26 The Board of Pardons and Paroles shall have general responsibility for the investigation and supervision of all prisoners released on parole. For the discharge of this responsibility, there is hereby created with the Board of Pardons and Paroles, a Division of Parole Supervision. Subject to the general

> direction of the Board of Pardons and Paroles, the
> Division of Parole Supervision, including its field
> staff shall be responsible for obtaining and assembling
> any facts the Board of Pardons and Paroles may desire
> in considering parole eligibility, and for investigating
> and supervising paroled prisoners to see that the con-
> ditions of parole are complied with, and for making
> such periodic reports on the progress of parolees
> as the Board may desire.
>
> Sec. 28   Salaries of all employees of the Division
> of Parole Supervision shall be governed by Approp-
> riations Acts of the Legislature.  The Board of Pardons
> and Paroles shall appoint a Director of the Division,
> and all other employees shall be selected by the
> Director, subject to such general policies and regu-
> lations as the Board may approve.

Clearly the Director of the Division of Parole Supervision possesses no rule-making or adjudicatory powers.  The primary functions of the Director and his staff involve obtaining and collecting facts, investi-gating and supervising, all subject to the direction and control of the Board of Pardons and Paroles.  There is no separate body established to formulate policy for the Division and, in actuality, the Division and its director have no legal autonomy whatsoever.

If the Division of Parole Supervision is not an agency then the director thereof cannot be the "executive head" of an agency and Question 1 must be answered in the negative.  The Board of Pardons and Paroles of course cannot create an agency and consequently Question 2 is also answered in the negative.  This is not to say that the Board cannot designate the director as an "executive head" of the Division, but it is not clear what legal sig-nificance, if any, such designation might have.

With respect to Question 3, the legal duties and obligations of the Director are clearly set out in Secs. 26 - 32 of Article 42.12, and it is not at all clear how or why his designation as "executive head" should have had any bearing on the matter.  The duties of the Board itself, and par-ticularly the chairman, are established by Article 4, Sec. 11 of the Texas Constitution and Article 42.12, and these duties and responsibilities cannot be delegated to the Director of the Division of Parole Supervision.

The answer to Question 4 is also negative. Presumably the Division Director would qualify as an "Executive Head of a state agency" within the meaning of Sec. 2(6) of Article 6252-9b if the Division of Parole Supervision were to be considered a "state agency". Article 6252-9b(8) defines "State Agency" as "(A) any department, commission, board, office, or other agency that: (1) is in the executive branch of state government; (2) has authority that is not limited to a geographical portion of the state; and (3) was created by the constitution or a statute of this state." (Emphasis added) This definition is of little assistance in resolving the question of whether the Division of Parole Supervision is a state agency. The underlined language, "or other agency" returns one to the original threshold issue - what is an "agency". In our opinion, the Legislature intended the Act to apply only to an autonomous entity exercising policy making powers within a particular area and not to a mere sub-division or portion of an acknowledged or recognized agency. As previously discussed, the Division of Parole Supervision has none of these features. It is noteworthy in this connection that when the Legislature intends a statutory scheme to be applicable to sub-divisions or portions of an agency it knows how to expressly manifest this intent. Thus Article 6252-17a, V.T.C.S., the Open Records Act, is made applicable to "government agencies and bodies" and "Governmental Body" is defined in part as: "the part, section, or portion of every organization, corporation, committee, institution, or agency which is supported in whole or in part by public funds, or which expends public funds . . . " [Sec. 2(1)(F) of Article 6252-17a, Emphasis added].

The foregoing conclusion makes it unnecessary to respond at length to Question 5. The Board of Pardons and Paroles is as legally responsible for the conduct of the Director of the Division of Parole Supervision as it is for the conduct of any other official or employee of the Board.

### S U M M A R Y

The Division of Parole Supervision established
by the terms of Article 42.12 is merely a subdivision
of the Board of Pardons and Paroles, is not a separate
"state agency" as that term is ordinarily employed
and understood in statutory provisions, and the Director

of the Division is therefore not the executive
head of a state agency within the meaning of
Article 6252-9b.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee